FILED
SUPERIOR COURT
OF GUAM

2022 SEP 12 PM 2: 15

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>                           Plaintiff,<br><br>vs.<br><br>NICHOLAS WAYNE MOORE,<br><br>                          Defendant. | Case No. CF0313-21<br><br>**DECISION AND ORDER**<br>**(Motion for Mistrial)** |

## INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on September 9, 2022, for a Motion Hearing on Nicholas Wayne Moore's ("Defendant") Motion for Mistrial. Attorneys William L. Gavras and Michael F. Phillips appeared for Defendant. Assistant Attorney General Grant A. Olan appeared for the People of Guam ("People'). Having considered the arguments and applicable law, the Court hereby **DENIES** Defendant's Motion for Mistrial. Further, the Court also finds that the People failed to comply with its discovery obligations and holds the .45 caliber pistol and photograph of the .45 caliber pistol are inadmissible and therefore, the Court **ORDERS** the parties to refrain from referencing the fact that the People are in possession of a physical .45 caliber pistol and of a photograph of the .45 caliber pistol.

## BACKGROUND

On June 13, 2022, the Grand Jury indicted Defendant on the following charges: (1) Two Counts of Aggravated Assault (As a Second Degree Felony) with Two Counts of the

Special Allegation: Deadly Weapon Used in the Commission of a Felony; (2) Terrorizing (As a Third Degree Felony) with the Special Allegation: Deadly Weapon Used in the Commission of a Felony; and (3) Possession of an Unregistered Firearm (As a Third Degree Felony). Am. Superseding Indictment, June 13, 2022. Jury selection commenced on June 15, 2022, and a petite jury was sworn in on August 11, 2022. Minute Entry, June 15, 2022; Minute Entry, Aug. 11, 2022.

During cross-examination of Eric Salone ("Co-Defendant") on September 6, 2022, it was revealed that a .45 caliber pistol and a photograph of the .45 caliber pistol are in the People's possession and were not turned over to Defendant as discovery in this case. Minute Entry, Sept. 6, 2022. Defendant filed the instant motion. Def.'s Mot. For Mistrial, Sept. 8, 2022. The People filed an opposition. People's Opp'n to Def.'s Mot. For a Mistrial, Sept. 9, 2022. The Court held a motion hearing and took the parties' arguments under advisement. Minute Entry, Sept. 9, 2022.

## DISCUSSION

Defendant requests the Court grant a mistrial because the People failed to allow an inspection of a .45 caliber pistol and to disclose a photograph of the .45 caliber pistol as part of discovery. Def.'s Mot. For Mistrial at 1–6. Co-Defendant claims to have fired this .45 caliber pistol during the incident at Agana Heights. *Id.* Defendant asserts that because his theory of the case is that the .45 caliber pistol is fiction and that Co-Defendant fired Defendant's .38 revolver during the Agana Heights incident, the People have withheld *Brady* evidence. *Id.* The People argue there was no *Brady* violation because although the .45 caliber pistol and photograph were not turned over in this case, they were turned over in Defendant's other case, CF0314-21, in which Mr. Lujan and Mr. Phillips also represent Defendant. People's Opp'n to Def.'s Mot. For a Mistrial at 2–12. The People further argue that there was no *Brady* violation

because the .45 caliber pistol and photograph are not favorable to Defendant so there was no prejudice. *Id.*

Title 8 G.C.A. §§ 70.10–70.80 governs discovery in criminal cases. Under these sections, the prosecution must, upon the Court's order, disclose to defense certain discoverable "material and information within [its] control, the existence of which is known, or by the exercise of due diligence may be known to the prosecuting attorney. 8 G.C.A. § 70.10(a). "This material includes, among other things, written or recorded statements made by victims, likely witnesses and the defendant, as well as generally exculpatory material." *People v. Naich*, 2013 Guam 7 ¶ 25. Additionally, "the prosecuting attorney's obligation extends to any material information in the possession or control of members of his staff and any other persons who have participated in the investigation or evaluation of the case and who either regularly report or with reference to this case have reported to his office." *Guam v. Flores*, 2009 Guam 22 ¶ 64 (*citing* 8 G.C.A. § 70.10(b)). Title 8 G.C.A. § 70.45 states "[i]f at any time during the course of the proceedings, it is brought to the attention of the court that a party has failed to comply with an order issued pursuant to this Chapter, the court may order such party to comply with the prior order, grant a continuance, or issue such other order as it deems just under the circumstances."

It is undisputed that the People are in possession of a .45 caliber pistol recovered from Defendant's home and of a photograph of the .45 caliber pistol recovered from Defendant's home. It is also undisputed that neither item was identified as discovery in this case, but that they were disclosed as discovery in Defendant's other case, CF0314-21. Both the .45 caliber pistol and photograph are material because Co-Defendant has stated under oath that he fired a .45 caliber pistol during the Agana Heights incident. *See People of Guam v. Fisher*, 2002 Guam 2 ¶ 13 (*citing United States v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988) ("Evidence

is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."). Evidence that corroborates Co-Defendant's testimony and demonstrates he is a credible witness could change the result of the proceeding. The People contend that defense counsel knew of the .45 caliber pistol and photograph because they were turned over in the discovery in CF0314-21. People's Opp'n to Def.'s Mot. For a Mistrial at 2–12. Regardless, the People have an obligation to turn over all material evidence in every case. Defendant does not have an obligation to sift through discovery in one case to see if it applies to another case. Therefore, the Court finds the People's failure to turn over the .45 caliber pistol and the photograph in this case is a discovery violation.

However, the Court finds that the exculpatory nature of the .45 caliber pistol and the photograph are not evident. The Supreme Court of Guam has stated that exculpatory evidence—in the context of discovery—is "evidence favorable to the defendant which is material to guilt or punishment." *People v. Orallo*, 2004 Guam 5 ¶ 12. In *Orallo*, the Supreme Court of Guam found that an Attorney General Investigator's written statement was not exculpatory because it did not "negate [the defendant's] guilt or tend to reduce his punishment." *Id.* The existence of a .45 caliber pistol supports Co-Defendant's statement that he fired a .45 caliber pistol, not a .38 caliber revolver. The only bullet recovered from the victim is a .38 caliber bullet, and a .38 caliber revolver was never recovered. Witness testimony showed Defendant purchased .38 caliber ammunition; there was no witness testimony that Defendant purchased .45 caliber bullets. Defendant asserts that witness statements maintain only one shot was fired. Upon considering these facts, the Court finds that the existence of a .45 caliber pistol does not negate Defendant's guilt but instead gives credibility to Co-Defendant's testimony and support the People's theory of the case. At worst,

the existence of the .45 caliber pistol is inculpatory. Accordingly, the Court finds that while there is a discovery violation, the evidence is not exculpatory.

As the discovery violation did not involve exculpatory evidence, the Court finds that granting a mistrial is an inappropriate remedy. The trial court has discretion "to decide whether a given incident merits a mistrial." *People v. Aguon*, 2020 Guam 24 ¶ 22 (*quoting United States v. Nace*, 561 F.2d 763, 768 (9th Cir. 1977). "A mistrial should be granted only where there are improprieties in the trial so serious that they substantially and irreparably prejudice the defendant's case and make it impossible for the defendant to receive a fair and impartial verdict." Defendant cites *United States v. Reed*, 762 F. App'x 173 (5th Cir 2019) for the proposition that a mistrial is warranted. In *Reed*, the Fifth Circuit Court of Appeals found that the trial court's decision to hold a three-week recess instead of declaring a mistrial for a discovery violation was reasonable. *Reed*, 762 F. App'x at 175. Defendant attempts to distinguish this case from *Reed*, and asserts that unlike the defendant in *Reed*, he was deprived of exculpatory evidence and already gave an opening statement tying him to a particular theory. Def.'s Mot. For Mistrial at 6. As discussed above, the Court disagrees with Defendant's belief that the evidence in the discovery violation is exculpatory.

Yet, the like defendant in *Reed*, Defendant has tied himself to a particular theory of the case. He has stated that his theory of the case is that only one gun was fired in the Agana Heights incident, the gun fired was the .38 caliber revolver, and it was Co-Defendant—not Defendant—who fired the .38 caliber revolver. Defendant has already begun to present this theory to the jury, and the existence of the .45 caliber pistol would likely force him to present a new theory to the jury mid-trial. As a result, the Court finds the discovery violation prejudiced Defendant. The Court, however, finds the remedy of mistrial extreme—especially when there are other remedies available.

Title 8 G.C.A. § 70.45 provides the Court with three remedies for a discovery violation: (1) order the violating party to comply with the prior order; (2) grant a continuance; (3) or issue such other order as it deems just under the circumstances. The Court notes that the first and second remedies do not cure the prejudice to Defendant. Even if the People turn over the evidence to Defendant and he has time to obtain an expert and prepare a defense to the evidence, it does not alter the fact that he has already presented his theory of the case to the jury. Thus, the Court holds that the most appropriate remedy is to order the evidence inadmissible and order that the parties refrain from referencing the fact that the People are in possession of a actual .45 caliber pistol and a photograph of the .45 caliber pistol. Barring the admission of the .45 caliber pistol and photograph mitigates the prejudice to Defendant because it is consistent with his theory of the case. Barring the admission of the evidence appropriately sanctions the People because it is precluded from using evidence that buttresses its theory of the case and would have rehabilitated Co-Defendant's credibility. Defendant may proceed on his theory that only one gun was fired and it was the .38 revolver, which Co-Defendant fired. Both parties may mention the existence of a hypothetical .45 caliber pistol—as they have done up to this point—but they may not mention that an actual, physical .45 caliber pistol or a photograph of it are in the People's possession. The Court concludes proceeding with this remedy is the most just outcome under the circumstances.

## CONCLUSION AND ORDER

For the above reasons, the Court **DENIES** Defendant's Motion for Mistrial. Further, the Court also finds that the People failed to comply with its discovery obligations and holds the .45 caliber pistol and photograph of the .45 caliber pistol are inadmissible and therefore, the Court **ORDERS** the parties to refrain from referencing the fact that the People are in possession of a physical .45 caliber pistol and of a photograph of the .45 caliber pistol.

SO ORDERED, this _____ day of ___ SEP 1 2 2022 ___ 2022.



HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam